L. KIERAN KIECKHEFER, SBN 251978
    kkieckhefer@gibsondunn.com
JOSEPH A. GORMAN, SBN 267553
    jgorman@gibsondunn.com
CHRISTINA MYROLD, SBN 324183
    cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

AHMED ELDESSOUKI, *pro hac vice forthcoming*
    aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.4000
Facsimile:    212.351.4035

*Attorneys for Plaintiff*
CADENCE DESIGN SYSTEMS, INC.

FILED
JAN 16 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY APPLEBAUM,<br><br>    Defendant. | Case No.: C 24 00290<br><br>**PLAINTIFF'S *EX PARTE* ADMINISTRATIVE MOTION TO TEMPORARILY SEAL DOCKET AND ENTIRE CASE FILE AND MEMORANDUM IN SUPPORT**<br><br>(FILED UNDER SEAL) |

Pursuant to Civil Local Rule 79-5(e), Plaintiff Cadence Design Systems, Inc. ("Cadence") respectfully moves *ex parte* for an order temporarily sealing the docket and entire case file in this matter,[1] including the Complaint, Plaintiff's *Ex Parte* Application for Temporary Restraining Order Without Notice, Evidence Preservation and Limited Seizure Order, Expedited Discovery Order, Protective Order, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "TRO Motion"), and all other pleadings, exhibits, and documents filed in support, as well as all orders of this Court.

Cadence requests that the seal remain in effect for 48 hours following the Court's ruling on the TRO Motion. Cadence further requests that the sealing order not be construed to prohibit disclosure of the action or the parties to the extent necessary to prepare for and effectuate service of the Complaint and any order by the Court on the TRO Motion.

### A.   Basis for Filing Under Seal

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Here, a compelling reason exists to temporarily seal the docket and entire case file.

As described more fully in the TRO Motion and supporting documents, including the Declaration of L. Kieran Kieckhefer ("Kieckhefer Decl."), Cadence is filing its TRO Motion without notice because Defendant Jeffrey Applebaum ("Defendant") has demonstrated a propensity to lie and destroy evidence in an attempt to cover up his theft of Cadence's proprietary information, including trade secrets, as well as his unlawful access, use, and transfers of such information. *See* TRO Motion pp. 22-25; Kieckhefer Decl. ¶ 2. His past conduct, which forms part of the basis of the TRO Motion, shows that there is a substantial risk that he will delete or otherwise destroy evidence currently in his possession, including evidence of his misappropriation that Cadence's outside forensic expert, FTI, learned from its forensic analysis is contained on personal devices in Defendant's possession, including

---

[1] Cadence also seeks to permanently seal certain portions of the declarations and exhibits in support of the TRO Motion, including the Declaration of Paul Scannell. Cadence will promptly file a separate motion seeking to permanently seal such documents.

Defendant's "Seagate Drive," as further described in the TRO Motion and supporting Declaration of Erik Hammerquist. If the evidence of Defendant's misappropriation is destroyed, Cadence may never learn the full scope of his misappropriation—including the identities of individuals and entities (including potentially Cadence competitors) to who Defendant may have already transmitted or disclosed Cadence's proprietary information, and who have no lawful right to such information.

Because Cadence is filing its TRO Motion without notice, Cadence asks the Court to file under seal the Complaint, the TRO Motion, and all related and supporting papers, as well as any order by the Court, to ensure that such filings are not available to the public through PACER until the Court issues its ruling on the TRO Motion and Cadence is able to effectuate service on Defendant. If this case were docketed immediately as a matter of public record, there is a substantial likelihood that Defendant will learn of the action before the Court issues its ruling on the TRO Motion and before Cadence is able to serve the Defendant with any order by this Court. If the Defendant receives such notice, there is a significant risk that he will destroy evidence given his past misconduct, including, for example, his prior deletion of files after being confronted by Cadence's in-house legal team and his multiple false statements sworn under penalty of perjury. Defendant is not yet aware that Cadence knows he also transferred Cadence's proprietary and confidential information to a Seagate Drive, and there is a serious danger he will delete evidence of transfers to or from the device, or destroy the Seagate Drive in its entirety, if he is notified of this action before the Court is able to rule on the TRO Motion and issue any necessary orders.

A "compelling reason" thus exists to temporarily seal the docket and entire case file in this matter. Courts have granted such motions under similar circumstances where there is a serious risk that the defendant will destroy evidence if given advance notice. *See, e.g., Chanel, Inc. v. Fu*, No. 16-CV-02259-EMC, Dkt. No. 15 (N.D. Cal. April 26, 2016) (granting motion to temporarily seal case where there was a threat that defendant would seek to destroy or hide evidence sought to be seized); *Creative Power Sols. v. Energy Servs. Grp.*, No. CV-21-01559-PHX-DLR, Dkt. No. 15 (D. Ariz. September 16, 2021) (granting motion to temporarily seal case file where defendants were likely to destroy or conceal evidence if given notice before service of TRO); *United States v. Kern*, No. 218CV00283JADPAL, 2018 WL 1003744, at *6 (D. Nev. Feb. 20, 2018) (granting motion to

PLAINTIFF'S *EX PARTE* ADMINISTRATIVE MOTION TO TEMPORARILY SEAL DOCKET AND ENTIRE CASE FILE AND MEMORANDUM IN SUPPORT

temporarily seal case where there was a risk defendants would destroy evidence if given notice of the action); *Amazon.com Inc. v. Individuals & Entities*, No. 2:22-CV-00758-RAJ, 2022 WL 21737806 (W.D. Wash. June 3, 2022), *report and recommendation adopted*, No. 222CV00758RAJBAT, 2022 WL 21737697 (W.D. Wash. June 6, 2022) (granting motion to temporarily seal filings where public disclosure would risk defendant destroying evidence). Entry of an *ex parte* order temporarily sealing the docket and entire case file is also consistent with the purposes of Federal Rule of Civil Procedure 65(b), which permits entry of a temporary restraining order without notice to prevent "immediate irreparable injury, loss, or damage."

### B.     Duration of Proposed Sealing Order

The sealing order sought by this motion is of limited duration. Cadence asks that the docket and entire case file be sealed for the 48 hours following the Court's ruling on the TRO Motion to give Cadence an opportunity to serve the Defendant with the Complaint and any order by the Court on the TRO Motion. This will also give Cadence sufficient time to execute the requested seizure order in the TRO Motion, to the extent that relief is granted.

For the foregoing reasons, Cadence respectfully requests that the Court grant this *ex parte* administrative motion to temporarily seal the docket and entire case file.

DATED: January 16, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _____
L. Kieran Kieckhefer

*Attorneys for Plaintiff,*
*CADENCE DESIGN SYSTEMS, INC.*