UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY APPLEBAUM<br><br>Defendant. | **ORDER DENYING MOTION TO SEAL, SETTING HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER, AND REMINDING PARTIES OF THEIR EVIDENCE PRESERVATION OBLIGATIONS** |

    Plaintiff Cadence Design Systems, Inc. filed this lawsuit against its former employee Jeffrey Applebaum on January 16, 2024, alleging that Mr. Applebaum stole trade secrets from Cadence. Specifically, Cadence alleges that before Mr. Applebaum departed from the company on December 15, 2023, he transferred approximately 107,000 files from his work laptop to his personal laptop. Cadence further alleges that after it discovered this transfer of work files to Mr. Applebaum's personal laptop, Cadence instructed Mr. Applebaum not to delete any files and to bring his personal laptop to Cadence on December 18, 2023. Despite the instruction, Mr. Applebaum allegedly deleted some Cadence files from the personal laptop before coming to Cadence. He then deleted all remaining Cadence files on his personal laptop in the presence of Cadence staff on December 18 and purportedly swore under penalty of perjury that he did not have any Candence property or information on other devices. Nonetheless, on January 3, 2024, Cadence's forensic team allegedly determined that Mr. Applebaum had in fact transferred certain proprietary materials from his personal laptop to a separate Seagate-branded external hard drive—a transfer that he had not disclosed to Cadence on December 18.

    On the basis of these allegations, Cadence asserts claims for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*; trade secret misappropriation under

California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*; and breach of contract.

In addition to filing its complaint, Cadence has moved for an ex parte temporary restraining order—i.e., a TRO that would be issued without prior notice to Mr. Applebaum—and has asked that the Court's records in this case be sealed until after Cadence has had an opportunity to serve Mr. Applebaum with the TRO and seize his Seagate drive with the assistance of a United States Marshal. Cadence contends that issuing a TRO without prior notice to Mr. Applebaum and sealing the records in this matter temporarily are necessary because, if Mr. Applebaum is provided notice of its TRO motion or learns of the lawsuit through publicly available Court records, "it is likely that Mr. Applebaum will seek to delete evidence of malfeasance" "in light of his sophisticated, massive, and surreptitious theft."

Cadence has not satisfied the extraordinary burden it bears in seeking the issuance of a TRO without notice to Mr. Applebaum and the sealing of all Court records in this matter. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed … by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A party seeking to seal a judicial record … bears the burden of overcoming [the] strong presumption [in favor of public access] by meeting the 'compelling reasons' standard.").

A movant seeking issuance of an ex parte TRO must show "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). On the basis of Mr. Applebaum's conduct at the time of his departure from Cadence, Cadence speculates that he may destroy material from Cadence that remains in his possession if he is provided with notice of this lawsuit or of Cadence's motion for a temporary restraining order. But Rule 65 requires far more certainty: Cadence's evidence must "*clearly* show" that irreparable damage "*will* result" in the absence of ex parte relief. *Id.* (emphasis added). As relevant here, Cadence must establish both that Mr. Applebaum will destroy evidence upon learning of this lawsuit (in contravention of his evidentiary preservation obligations), and

that the destruction of that evidence will cause irreparable harm to Cadence (notwithstanding that one of Cadence's primary goals in this suit is to ensure Mr. Applebaum no longer has possession of those materials).

Because the affidavits submitted by Cadence do not provide any evidence about Mr. Applebaum's conduct since December 18, 2023 or specific evidence of a future plan by Mr. Applebaum to destroy evidence, Cadence's evidence does not justify the extraordinary relief it requests.[1] In the absence of such evidence, the Court cannot conclude that Mr. Applebaum is unaware of or unconcerned with his "duty to preserve evidence which [he] knows or reasonably should know is relevant to the action," *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)—including not only the Seagate drive but also any other documents, files, messages, communications, or other information relating to his retention of Cadence materials. This duty to preserve relevant evidence is triggered "from the moment that litigation is reasonably anticipated," *Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012), and thus attaches the moment Mr. Applebaum becomes aware of this lawsuit (and quite possibly before then). As Mr. Applebaum is presumably aware, he would be subject to Court sanctions and other penalties should he destroy or otherwise fail to preserve evidence relevant to this litigation after the filing of this Order.

For the foregoing reasons, Cadence's motion to temporarily seal the entire case file is denied. The Clerk shall file the complaint and accompanying filings on the public docket (subject to the limitations set forth below), and Cadence shall serve Mr. Applebaum with its complaint, its motion for a temporary restraining order, and all other filings in this matter, including this Order, by 5:00 p.m. PT on Thursday, January 18, 2024. A hearing on Cadence's motion for a temporary restraining order will be held on **Tuesday, January 23, 2024, at 10:00 a.m. PT** in the Court's San José Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, CA 95113. Mr. Applebaum must submit any opposition or response to Cadence's motion by Sunday, January 21,

---

[1] The Court notes that Cadence became aware of the Seagate drive on January 3, 2024, but waited almost two weeks to seek relief from this Court, further suggesting that the circumstances here do not present the kind of emergency that might warrant extraordinary ex parte relief.

2024 at 5:00 p.m. PT, and Cadence must submit any reply in support of its motion by Monday, January 22, 2024 at 5:00 p.m. PT.

In addition to requesting that all records in this matter be sealed temporarily, Cadence has stated that it will separately move to seal certain portions of the record that allegedly contain highly confidential information. In order to preserve Cadence's ability to protect that information from public disclosure upon a showing of good cause, the Clerk shall provisionally file under seal the Declaration of Paul Scannell, Exhibit 1 to the Declaration of William Gee, and Exhibits B and C to the Declaration of Erik Hammerquist. Cadence shall submit a separate motion to maintain these documents under seal, in compliance with Local Rules 7-11, 79-5, and this Court's standing orders, within 7 calendar days of today's date.

Because Cadence sought leave to file its complaint under seal, the matter has not yet been assigned randomly pursuant to General Order 44, and Cadence's emergency motions have instead been referred to the General Duty Judge. *See* Local Rule 1-5(k), (p); Local Rule 7-1(c). To avoid any further delay in the resolution of Cadence's pending motions, the matter shall be assigned to Judge P. Casey Pitts for all future proceedings.

**IT IS SO ORDERED.**

Dated: January 17, 2024

P. Casey Pitts
United States District Judge